FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 4 2005

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01864-OES

KENNETH YORK,

    Applicant,

v.

JUANITA McCULLEY,

    Respondent.

## ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

Applicant Kenneth York is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary at Florence, Colorado. Mr. York has filed **pro se** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court must construe the application liberally because Mr. York is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the **pro se** litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. York will be ordered to file an amended pleading.

The court has reviewed the application filed in this action and finds that the claims Mr. York asserts are not habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). Mr. York is not challenging the validity of his

conviction or the execution of his sentence. Instead, he challenges the conditions of his confinement. Specifically, Mr. York complains that he has been denied medical, dental, psychological, educational, and rehabilitation services.

Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. **See, e.g., Richards v. Bellmon**, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, because the claims Mr. York raises in this action properly should be asserted in a civil rights action, he will be directed to file a Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. York is reminded that he must allege facts in the Prisoner Complaint that demonstrate how each Defendant personally participated in the asserted violations of his rights. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. York must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, Mr. York must demonstrate in the amended pleading that he has exhausted administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle**, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. York must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. York has not exhausted administrative remedies with respect to each claim he asserts, the entire action must be dismissed.

Finally, the court notes that Mr. York has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. However, because Mr. York's claims properly are asserted in a civil rights action, he must pay the $250.00 filing fee. **See** 28 U.S.C. § 1915(b)(1). Therefore, Mr. York will be ordered to make monthly payments in accordance with § 1915(b)(2) until the filing fee is paid in full. Accordingly, it is

ORDERED that Mr. York file **within thirty (30) days from the date of this order** an amended pleading that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. York, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that Mr. York submit sufficient copies of the amended pleading to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. York fails within the time allowed to file an original and sufficient copies of an amended pleading that complies with this order to the court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that, until the $250.00 filing fee is paid in full, Mr. York shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Mr. York is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order. In order to show cause, Mr. York must file a current certified copy of his trust fund account statement. It is

FURTHER ORDERED that if Mr. York fails to have the appropriate monthly payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without further notice.

DATED at Denver, Colorado, this 4 day of October, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01864-OES

Kenneth L. York
Reg. No. 09396-084
USP – Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/4/05

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk